[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR A NEW TRIAL
On November 8, 1996, a twelve person jury returned a verdict in which it found the defendant, Andre Rhodes, guilty of Murder and Felony Murder. Upon the request of the defendant the jury was polled and each member thereof agreed that the verdict, as recited by the foreperson, was their verdict. CT Page 1786
The defendant has filed a motion for a new trial on the ground of juror misconduct. Specifically, it is the position of the defendant that one juror, Amy Setkoski, had improper telephone communications with her incarcerated boyfriend, Anthony Macaluso, during the trial itself and during deliberations.
The Court therefore conducted an evidentiary hearing in connection with this claim. At that hearing, the Court made a preliminary inquiry of Miss Setkoski and Mr. Macaluso after which each attorney was permitted to ask any questions they wished.
Both the state and the defendant were given an opportunity to present any other evidence in support of their respective positions. The defendant offered tape recordings of the telephone conversations upon which he relied, which tape recordings were in existence due to the fact that Mr. Macaluso was incarcerated. The state called as a witness, Mrs. Josephine Gaida, the jury foreperson.
The state and the defendant disagree as to the legal principles which control the issue which has been presented to the court. It is the position of the state that the defendant has the burden of proving actual prejudice by virtue of juror misconduct before he is entitled to a new trial. See Smith v.Phillips, 455 U.S. 209 (1982); Asherman v. State, 202 Conn. 429
(1987); State v. Harris, 32 Conn. App. 831 (1993 ); State v.Newsome, 238 Conn. 588 (1996).
The defendant, on the other hand, asks the court to recognize a distinction between those cases which involve an extrinsic communication with a juror during trial, and those which do not, but rather deal with improper conduct on the part of the jury itself. It is the position of the defendant, that in cases such as this where there is evidence of improper communication with a juror during trial, such conduct implicates the defendant's constitutional right to a fair trial and therefore a presumption of prejudice arises which must be rebutted by the state beyond a reasonable doubt. See Remmer v. United States, 347 U.S. 227
(1954); State v. Rodriguez, 210 Conn. 315 (1989).
The court need not decide whether the position of the state or that of the defendant is the correct one since the court finds that, not only has there been no showing of prejudice by the defendant, but any presumption of prejudice has been rebutted beyond a reasonable doubt. Therefore, regardless of where the CT Page 1787 burden of proof is placed, or the standard of proof to be utilized, the defendant is not entitled to a new trial on the basis of juror misconduct.
It should be noted that this is not a case where a piece of evidence or fact which was not admitted at trial was learned by or communicated to a juror or jurors. It is also clear from the testimony of the foreperson, Mrs. Gaida, that any communication between Miss Setkoski and Mr. Macaluso was not shared with the remaining members of the jury.
Additionally, Mr. Macaluso initially testified that during one telephone conversation that he made a disparaging racial comment concerning the defendant. Mr. Macaluso subsequently testified that such conversation never took place and that it was the defendant who caused him to testify in that manner. Such conversation does not appear on the tapes and the court finds that such statement was never made. Whether it was the defendant who caused Mr. Macaluso to so testify need not be decided for the purpose of this motion.
It is important to consider the content of the conversations between Miss Setkoski and Mr. Macaluso in the context of the trial proceedings.
The evidence in this case began on October 23, 1996. In a conversation in the evening of that day, Ms. Setkoski told Mr. Macaluso that she had been selected to sit on the jury. Mr. Macaluso at that time said he would talk to her after the trial was over but did take the opportunity to criticize the court system by stating that a person is "guilty until proven innocent". In the court's view, such a statement, if anything, is favorable to the defendant rather than prejudicial as it suggests that the court system presumes people on trial to be guilty.
Jury deliberations began on the afternoon of October 31, 1996, and continued through the late afternoon of November 8, 1996, when the verdicts were reached. Based upon the content of the tapes along with the testimony of Mr. Macaluso and the foreperson, Josephine Gaida, it is clear that Miss Setkoski was holding out in favor of the defendant.
On the evening of November 6, 1996, the tapes in evidence indicate that Miss Setkoski asked Mr. Macaluso whether it is murder if a person is shot twice. The response from Mr. Macaluso CT Page 1788 appears to be "No it could be . . . it could be out of . . . sheer fright or shock or anything" Miss Setkoski responds: "That's what I thought." The evidence in the case was that the victim had been shot twice and the state utilized that evidence in order to convince the jury to infer intent with respect to the charge of intentional murder. It should also be noted that the jury was reinstructed on the element of intent both on November 6, 1996 and again on November 7, 1996 at 11:00 A.M.
Therefore, the evidence shows that Miss Setkoski continued in her position in favor of the defendant for close to two full days after her last conversation with Mr. Macaluso on November 6, 1996 during which time the court again instructed the jury on the meaning of "intent".
This sequence of events, along with the statement of Mr. Macaluso, to the effect that two shots does not necessarily mean murder leads the court to conclude that the communication of the evening of November 6, 1996 was again favorable to the defendant rather than prejudicial, and if it had any effect it was to cause Miss Setkoski to continue to hold out in favor of the defendant for two more days.
In examining each of the other conversations between Miss Setkoski and Mr. Macaluso, the court finds nothing which could reasonably be construed to be prejudicial to the defendant. considering the totality of the extrinsic conversations involved in this case, not only is the court of the opinion that a presumption of prejudice has been rebutted beyond a reasonable doubt, but that such communications were, if anything, favorable to the defendant resulting in the prolonged period of deliberations as a consequence of Miss Setkoski's position favorable to the defendant.
Therefore, for the above stated reasons, the defendant's motion for a new trial is denied.
THOMPSON, J.